UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUONG HAU NGUYEN
(A028-086-376),

        Petitioner,

   v.

WARDEN, CENTRAL VALLEY ANNEX
FACILITY, et al.,

        Respondents.

No.  1:26-cv-04492-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which challenges his ongoing detention in violation of due process and agency regulations.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Unless specifically noted, the facts and legal issues presented in this case are materially the same as those in Nguyen v. Andrews, No. 1:26-cv-00015-DAD-SCR, 2026 WL 263058 (E.D. Cal. Feb. 2, 2026), adopted by 2026 WL 412183 (Feb. 13 2026), which is adopted and incorporated herein.  This is done the interests of judicial economy.

The undisputed record in this case demonstrates that Petitioner was born in Vietnam and entered the United States on September 22, 1988 as a lawful permanent resident.  ECF No. 5-1 at 8.  On July 31, 2008, he was served with a Notice to Appear ("NTA") charging him with being

1

removable based on two convictions for crimes involving moral turpitude.  ECF No. 5-1 at 8. Petitioner stipulated to his removal and an Immigration Judge issued an administratively final order of removal to Vietnam on November 14, 2008.  ECF No. 5-1 at 26; ECF No. 7 at 6. Petitioner was released from immigration custody 90 days later, after ICE was unable to effectuate his removal to Vietnam.  ECF No. 7 at 6.

According to Petitioner, he was redetained by ICE after serving a criminal sentence in 2011.  Id.  On May 23, 2011, Petitioner was released by ICE on an Order of Supervision ("OSUP") after his removal could not be effectuated on the second attempt.  ECF No. 5-1 at 33.

Over the next 14 years, Petitioner complied with all conditions of his immigration supervision.  ECF No. 7 at 7.  Respondents do not contend otherwise.  See ECF No. 5.  To comply with the final order of removal, Petitioner applied for a passport from the Embassy of Vietnam on April 23, 2025, but he has not received any response to date.  ECF No. 7 at 7.

When reporting to a routine OSUP check-in on December 1, 2025, Petitioner was arrested and re-detained by ICE.  Id.  Petitioner received neither an opportunity to be heard nor an informal interview to notify him that his order of supervision was being revoked.  In fact, Petitioner was not even provided notice of the revocation of his supervision until June 19, 2026. ECF No. 5-1 at 42.  That belated notice only came **after** Petitioner filed the instant habeas petition, and the Court ordered Respondents to file an answer to the legal challenge to his detention.  See ECF No. 4 (Briefing Schedule issued on June 15, 2026).

In their answer to the § 2241 petition, Respondents submitted a sworn declaration from a Deportation Officer ("DO") that "On June 17, 2026, ERO/ICE inquired through its internal processes to obtain an update on the status of its request for Petitioner's travel document."  ECF No. 5-1 at 2 ¶ 12.  They are still awaiting a response.  ECF No. 5-1 at 2.  The DO added that "ICE/ERO has removed approximately 943 Vietnam nationals in the year 2026" and that there is one flight per month to Vietnam.  ECF No. 5-1 at 2.

Here, an IJ ordered petitioner removed to Vietnam on November 14, 2008.  Given that the 90-day removal period ended in 2009, Petitioner's current detention is governed by § 1231(a)(6).

Considering all of these factors, and consistent with the court's rulings in Nguyen v.

2

Andrews, No. 1:26-cv-00015-DAD-SCR, 2026 WL 263058 (E.D. Cal. Feb. 2, 2026), adopted by 2026 WL 412183 (Feb. 13 2026), the undersigned finds that ICE did not follow its own regulations when making the determination to revoke petitioner's supervised release thereby violating his right to due process.  Although this is a sufficient basis by itself to grant the § 2241 petition, the undersigned also finds that Petitioner's continued detention violates due process under Zadvydas v. Davis, 533 U.S. 678 (2001), since his aggregate post-final order detention exceeds twelve months and because Respondents' generic evidence does not rebut Petitioner's showing that there is no significant likelihood of his removal to Vietnam in the reasonably foreseeable future.  Accordingly, Petitioner is also entitled to habeas relief on this alternative ground.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claims two and three.

2.  Respondents be ordered to immediately release Petitioner Tuong Hau Nguyen (A028-086-376) under the previously imposed conditions of supervision.

3.  At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4.  Respondents be ordered to file a Notice of Compliance within three days of any order adopting these findings and recommendations confirming that petitioner has been released from custody.  Such notice shall note the exact terms of petitioner's ongoing conditions of supervision.

5.  The Clerk is directed to serve the Central Valley Annex with any order for release.

6.  Respondents shall not seek to revoke Petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and the requirements of due process.

7.  The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE